UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAURANNE MAY,

    Plaintiff,

v.                                            Case No. 8:09-cv-406-T-33MAP

LAKELAND REGIONAL MEDICAL
CENTER, ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's motion to stay and/or in the alternative motion for enlargement of time to respond to Defendant Hartford Life and Accident Insurance Company's dispositive motion for summary judgment (Doc. # 14), which was filed on April 16, 2009.

Plaintiff seeks an order staying or otherwise extending the due date for her response to Defendant Hartford Life and Accident Insurance Company's motion for summary judgment (Doc. # 12), which was filed on April 3, 2009.

Plaintiff correctly points out that three ripe motions to dismiss are currently pending before this Court, and Plaintiff further submits that this case should be remanded to state court. (Doc. ## 6, 7, and 8). Plaintiff indicates, "the economy of time and effort for the Court, for counsel, and for

the litigants dictate that these proceedings be stayed until a determination of the pending motions is made by the Court." (Doc. # 14 at 3).

Rather than staying this case, this Court finds it appropriate to grant Plaintiff an extension of time in which to respond to Hartford's motion for summary judgment. An extension is appropriate under the circumstances enumerated by Plaintiff, particularly because discovery has not been completed.

Plaintiff's response to Hartford's motion for summary judgment shall be due fifteen days after this Court has adjudicated the last of the currently pending motions to dismiss. Should Plaintiff require additional time in which to respond to Hartford's motion for summary judgment, this Court will consider a motion for an additional extension of time or other appropriate filing pursuant to Rule 56(f) of the Federal Rules of Civil Procedure or other controlling law.[1]

---

[1] Rule 56(f) states in pertinent part:

If a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
(1) deny the motion;
(2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other
(continued...)

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff's motion to stay and/or in the alternative motion for enlargement of time to respond to Defendant Hartford Life and Accident Insurance Company's dispositive motion for summary judgment (Doc. # 14) is **GRANTED** to the extent that Plaintiff's response to Hartford Life and Accident Insurance Company's dispositive motion for summary judgment (Doc. # 12), shall be due fifteen days after this Court has adjudicated the last of the pending motions to dismiss (Doc. ## 6, 7, and 8).

---

[1](...continued)
    discovery to be undertaken; or
(3) issue any other just order.

Fed.R.Civ.P. 56(f). See also, Reflectone, Inc. v. Ferrand Optical Co., Inc., 862 F.2d 841, 843 (11th Cir. 1989) ("Rule 56(f) specifically addresses the question of summary judgment before discovery has taken place. The party opposing summary judgment may move the court to permit the discovery necessary to oppose the motion. The party seeking to use rule 56(f) may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but rather he must specifically demonstrate how the postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.").

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of April, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record