UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LURANNE MAY,

        Plaintiff,

v.                      Case No. 8:09-cv-406-T-33AEP

LAKELAND REGIONAL MEDICAL
CENTER, HARTFORD LIFE AND
ACCIDENT INSURANCE COMPANY, and
PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

        Defendants.
_____/

**ORDER**

This cause is before the Court pursuant to Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Counts III-V of Complaint (Doc. # 6), which was filed on March 9, 2009, Defendant Lakeland Regional Medical Center's Motion to Dismiss (Doc. # 7), which was filed on March 10, 2009, and Defendant Prudential Mid-Continent's Motion to Dismiss (Doc. # 8), which filed on March 12, 2009. Plaintiff, Lauranne May, responded to each of the Motions to Dismiss (Doc. ## 9-11).

On April 3, 2009, Hartford Life and Accident Insurance Company filed a Motion for Summary Judgment (Doc. # 12). On April 17, 2009, the Court stayed the Summary Judgment Motion, pending adjudication of the Motions to Dismiss, upon

1

Plaintiff's request. (Doc. ## 14, 15).

For the reasons that follow, the Court determines that the Motions to Dismiss are due to be denied.

I. **Factual Background**

The following factual discussion, adopted from Plaintiff's complaint, is accepted as true for the purpose of addressing the Motions to Dismiss.

May was employed by Lakeland Regional Medical Center (hereafter "LRMC") as a full-time employee since 1990. (Doc. # 2 at ¶ 7). As a full-time employee, in addition to her salary, May was "entitled to, and acquired certain benefits, including, but not limited to, long-term disability insurance through a policy issued by Defendant Hartford, and accidental death & dismemberment and life insurance through an insurance policy issued through Defendant Prudential. (Doc. # 2 at ¶ 7).

May transferred departments within LRMC on October 2, 2005. (Doc. # 2 at 8). Although May remained a full-time employee, LRMC "inadvertently entered Job Code 0677 upon the change, which systematically changed Plaintiff's status from a full-time employee to a part-time or step employee." (Doc. # 2 at ¶ 8). On October 13, 2005, LRMC corrected its error and assured May that her "insurance benefits would remain unaffected by the entry of the incorrect job code." (Doc. # 2

at ¶¶ 8-9). However, "LRMC failed to correct the error's effect on those [insurance] benefits." (Doc. # 2 at ¶ 9). As stated by May:

> Essentially, Plaintiff's initial change in status to a part-time or step employee eliminated her eligibility for long-term disability, accidental death & dismemberment, and life insurance benefits, which are afforded only to full-time employees. Hence, Plaintiff's long-term disability, accidental death & dismemberment, and life insurance benefits were cancelled the instant the incorrect job code was entered into Defendant LRMC's computer system. Ultimately, Defendant LRMC's subsequent correction of the job code error did not retroactively correct the improper cancellation of Plaintiff's Long-Term Disability, Accidental Death & Dismemberment, and Life Insurance Benefits. . . . Plaintiff currently suffers from health issues which would be covered by her benefits had such benefits not been improperly canceled.

(Doc. # 2 at ¶¶ 8, 12).

May did not attach to her complaint a copy of the insurance policies.

## II. **Procedural History**

On February 6, 2009, May filed a eight-count complaint against LRMC, Hartford, and Prudential in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. (Doc. # 2). Counts one and two, asserted against LRMC, sound in negligence and negligent misrepresentation. Counts three through five, asserted against Hartford, sound in negligence, negligent misrepresentation, and wrongful cancellation of

3

insurance. Corresponding with the counts asserted against Hartford, counts six through eight, asserted against Prudential, sound in negligence, negligent misrepresentation, and wrongful cancellation of insurance.[1]

On March 6, 2009, LRMC removed the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, asserting that May's complaint is governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §§ 1001, et seq. (Doc. # 1). In its Notice of Removal, LRMC contends, "State common law tort claims relating to the administration of employee benefit plans assert questions of federal law and are preempted by ERISA so completely that such claims are deemed to arise under federal law, giving rise to federal removal jurisdiction. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58 (1987); Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999)." (Doc. # 1 at 2). The Motions to Dismiss before the Court echo LRMC's preemption analysis.

## III. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the

---

[1] The complaint counts are misnumbered and are riddled with errors, which make review of the substance of the complaint somewhat difficult.

4

light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

## VI. **Analysis**

Defendants claim that the insurance policies under which May seeks relief are governed by ERISA, that May's claims are preempted by ERISA, and that May's complaint must be dismissed. May, on the other hand, contends that the insurance policies at issue are non-ERISA plans, and

5

accordingly, are neither governed by nor preempted by ERISA.

Whether an insurance policy falls within the ambit of ERISA depends on whether the insurance policy qualifies as an "employee welfare benefit plan." Under ERISA the term "employee welfare benefit plan" is defined as:

> any plan, fund, or program . . . established or maintained by an employer or by an employee organization . . . for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, death, or unemployment, or vacation benefits . . . .

29 U.S.C. § 1002(1).

The Eleventh Circuit has stated that qualifying as an employee welfare benefit plan governed by ERISA requires: "(1) a 'plan, fund, or program' (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . (5) to participants or their beneficiaries." Donovan v. Dillingham, 688 F.2d 1367, 1371 (11th Cir. 1982). An ERISA plan "is established if from the surrounding circumstances a reasonable person could ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits."

6

Moorman v. Unum Provident Corp., 464 F.3d 1260, 1265 (11th Cir. 2006).

However, the Department of Labor has issued "safe harbor" regulations providing "that group insurance offered to workers through their place of employment will *not* be deemed an ERISA plan if the insurance program satisfies certain enumerated criteria." Randol v. Mid-West National Life Insurance Company of Tennessee, 987 F.2d 1547, 1549 (11th Cir. 1993)(emphasis in original). May contends that the plans at issue in this case are non-ERISA plans under the aforementioned safe harbor. The safe harbor regulations, which enumerate these criteria, provide that:

> For purposes of Title I of the Act and this chapter, the terms "employee welfare benefit plan" and "welfare plan" shall not include a group or group-type insurance program offered by an insurer to employees or members of an employee organization, under which
> (1)  No contributions are made by an employer or employee organization;
> (2)  Participation in the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with the payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). Failure to satisfy any one of the four safe harbor provisions "closes the safe harbor and exposes a group insurance program, if it otherwise qualifies as an ERISA program, to the strictures of the Act." <u>Johnson v. Watts Regulator Company</u>, 63 F.3d 1129, 1133 (1st Cir. 1995).

May points out that her complaint does not allege "that LRMC managed or exercised control over her benefits plans" nor does it allege that "the employer made contributions to the policy, that the participation was voluntary or involuntary or that the employers received consideration in connection with the program." (Doc. # 10 at 4).

Defendants' Motions to Dismiss assert in a conclusory manner that the policies at issue are within the ambit of ERISA. Defendants, however, fail to discuss the relevant facts and circumstances surrounding the issuance of the policies by Defendants to May to enable the Court to determine whether or not the insurance policies at issue are, in fact, part of an employee welfare benefit plan. Based on the four corners of the complaint, the Court simply cannot conclude that the policies at issue fall within the ambit of ERISA and, therefore, the Court must deny Defendants' Motions to Dismiss.

Furthermore, the Court notes that, in response to the Motions to Dismiss, May requests that this Court remand the case to state court. In the instance that May seeks an order remanding this case to state court, May is directed to place her request in a separate motion, supported by a legal memorandum, as required by the Court's Local Rules. In the instance that May files such a motion, Defendants will be afforded a proper opportunity to respond. The Court, thus, denies Prudential's Motion for Leave to File a Response to Plaintiff's Request for Remand (Doc. # 16) as moot.

As the Court is unable to determine whether the insurance policies at issue are covered by ERISA by evaluating the four corners of May's complaint, the Court lifts the stay imposed on Hartford's Motion for Summary Judgment (Doc. # 12).

Accordingly, it is

**ORDERED, ADJUDGED, and DECREED:**

(1) Defendant Hartford Life and Accident Insurance Company's Motion to Dismiss Counts III-V of Complaint (Doc. # 6) is **DENIED**.

(2) Defendant Lakeland Regional Medical Center's Motion to Dismiss (Doc. # 7) is **DENIED**.

(3) Defendant Prudential Mid-Continent's Motion to Dismiss (Doc. # 8) is **DENIED**.

(4) Prudential's Motion for Leave to File a Response to Plaintiff's Request for Remand (Doc. # 16) is **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of September, 2009.

_/s/ Virginia M. Hernandez Covington_
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record